**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

AETHIO LLC,

Plaintiff(s)

v.

CHASE SENTENO and OUTER REBEL, INC. d/b/a GREEN ROOM EXTREME OUTDOORS,

Defendant(s).

---

Civil Action No. ____________

**COMPLAINT**

Plaintiff Aethio LLC ("Plaintiff" or "Aethio"), by and through its attorneys, Norman M. Valz & Associates, P.C., for its Complaint against defendants Chase Senteno ("Defendant" or "Senteno") and Outer Rebel, Inc., doing business as Green Room Extreme Outdoors ("Green Room" and, together with Senteno, "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally-registered trademark DIMMZ under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the Commonwealth of Pennsylvania, all arising from Defendants' unauthorized use of the mark DIMZ in connection with the distribution, marketing, advertising, promotion, offering for sale, and sale of Defendants' sunglasses and apparel.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, including Defendants' offering for sale and sale of infringing goods to consumers in this district, and under 28 U.S.C. § 1391(b)(3), in that each Defendant is subject to personal jurisdiction in this district with respect to this action.

5. This court has personal jurisdiction over Defendants because, upon information and belief, each Defendant has purposefully directed activities at Pennsylvania and this district by offering for sale and selling DIMZ-branded goods to consumers located in this district through interactive online channels, and, in the case of Senteno, through an interactive commercial website and social media accounts through which orders from Pennsylvania consumers are solicited and fulfilled, and Plaintiff's claims arise out of those forum-directed activities. Pennsylvania's long-arm statute, 42 Pa. C.S. § 5322, authorizes the exercise of personal jurisdiction to the fullest extent permitted by the Due Process Clause of the United States Constitution.

## PARTIES

6. Plaintiff Aethio LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1874 Catasauqua

Road, Suite 270, Allentown, Pennsylvania 18109. Plaintiff designs, markets, and sells sunglasses and apparel under the DIMMZ Mark and owns the DIMMZ trademark registration described below.

7. Defendant Chase Senteno is an individual residing at 3600 Pansy Circle, Seal Beach, California 90740. Upon information and belief, Senteno does business under the names DIMZ and Dimzshades and owns and operates the online store formerly located at dimzshades.com and the associated DIMZ-branded social media accounts.

8. Upon information and belief, Defendant Outer Rebel, Inc. is a California corporation that owns and operates a retail business under the name Green Room Extreme Outdoors, located at 18093 Newhope Street, Fountain Valley, California 92708, that offers for sale and sells sporting goods and related merchandise, including DIMZ-branded sunglasses supplied by or sourced from Senteno.

**FACTS**

A. Plaintiff and Its DIMMZ Mark

9. Plaintiff is a limited liability company that designs, markets, and sells premium sunglasses and related apparel under its DIMMZ trademark, including through its website at www.dimmz.net and other retail and online channels.

10. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,776,503 on the Principal Register in the United States Patent and Trademark Office for the mark DIMMZ (hereinafter "DIMMZ Mark"), a design-plus-words mark consisting of a hummingbird next to the word DIMMZ, covering sunglasses in International Class 9 and

clothing items in International Class 25, including hats, shirts, sweatshirts, pants, and footwear. The DIMMZ Mark was registered on the Principal Register on June 28, 2022, from an application (Serial No. 90686587) filed on May 2, 2021. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6,776,503, which was issued by the United States Patent and Trademark Office on June 28, 2022.

11. Plaintiff has used the DIMMZ Mark in commerce throughout the United States continuously since at least as early as February 20, 2022 in connection with the distribution, offering for sale, sale, marketing, advertising, and promotion of sunglasses and clothing. Attached hereto as Exhibit 2 are copies of representative samples of packaging, labels, and marketing materials showing Plaintiff's use of the DIMMZ Mark in connection with these sunglasses and clothing.

12. As a result of its widespread, continuous, and exclusive use of the DIMMZ Mark to identify its sunglasses and clothing and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the DIMMZ Mark.

13. Plaintiff's DIMMZ Mark is distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the sunglasses and clothing sold under the DIMMZ Mark including through its website at www.dimmz.net, social media, and online advertising.

15. Plaintiff distributes and sells the sunglasses and clothing under the DIMMZ Mark in retail stores, its website at www.dimmz.net, and online marketplaces.

16. Plaintiff has made substantial sales of sunglasses and clothing under the DIMMZ Mark.

17. Plaintiff offers and sells its sunglasses and clothing under its DIMMZ Mark to retail consumers seeking premium eyewear and apparel.

18. The sunglasses and clothing Plaintiff offers under the DIMMZ Mark are of high quality.

19. As a result of Plaintiff's expenditures and efforts, the DIMMZ Mark has come to signify the high quality of the sunglasses and clothing designated by the DIMMZ Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B. Defendant’s Unlawful Activities

20. Upon information and belief, Defendant is engaged in the marketing, promotion, offering for sale, and sale of sunglasses and related apparel, including online through the website dimzshades.com and through social media, and through at least one retail store located in California.

21. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its DIMMZ Mark, Defendant adopted and began using the mark DIMZ (hereinafter, the "Infringing Mark") in US commerce.

22. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's DIMMZ Mark. Defendant's DIMZ mark differs from Plaintiff's DIMMZ Mark by a single letter, is visually and phonetically nearly identical, and is presented in the same all-capital-letter styling in connection with eyewear and apparel.

23. Upon information and belief, Defendant has been engaged in the distribution, advertising, promotion, offering for sale, and sale of sunglasses and clothing using the Infringing Mark throughout the United States. Attached hereto as Exhibit 3 are true and correct copies of representative printouts from the dimzshades.com website and Defendant's social media accounts and photographs of DIMZ-branded sunglasses showing Defendant's use of the Infringing Mark.

24. Upon information and belief, the sunglasses and clothing Defendant has distributed, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical or closely related to Plaintiff's goods, namely sunglasses and related apparel sold to the same class of ordinary retail consumers.

25. Upon information and belief, Defendant has distributed, marketed, advertised, promoted, offered for sale, and sold its sunglasses and clothing under the Infringing Mark through online retail channels, including the dimzshades.com website and social media, and at least one physical retail store, all of which overlap with Plaintiff's online and retail channels.

26. Upon information and belief, Defendant has marketed, advertised, and promoted its sunglasses and clothing under the Infringing Mark through social media platforms including Instagram, Facebook, and TikTok, which overlap with the channels through which Plaintiff markets and promotes its goods.

27. Upon information and belief, Chase Senteno offers and sells its sunglasses and clothing under the Infringing Mark to ordinary retail consumers seeking sunglasses and apparel, who are the same consumers to whom Plaintiff offers its goods under the DIMMZ Mark.

28. Upon information and belief, the sunglasses and clothing Chase Senteno offers under the Infringing Mark are budget-quality goods sold at low price points that are inferior to Plaintiff's goods and threaten to harm Plaintiff's reputation for quality.

29. On February 18, 2026, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's February 18, 2026 cease and desist letter to Defendant.

30. To date, Plaintiff has received no response to its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letter.

31. Before its counsel's letter, Plaintiff had already placed Senteno on direct notice of its objection to the DIMZ mark, including through a written demand and a direct message sent to Senteno on January 4, 2026. Attached hereto as Exhibit 5 are true and correct copies of Plaintiff’s January 4, 2026 written demand and direct message to Senteno.

32. In or about February 2026, in response to a trademark-infringement complaint submitted on Plaintiff’s behalf, the e-commerce platform Shopify removed the infringing content from the dimzshades.com online store. Notwithstanding that removal, Senteno has continued to use the DIMZ Infringing Mark in commerce, including through social media. Attached hereto as

Exhibit 7 is a true and correct copy of correspondence confirming Shopify's removal of the infringing content.

33. Upon information and belief, on April 6, 2026, Senteno filed an application with the United States Patent and Trademark Office (Serial No. 99746298) to register the mark JUST THE D for sunglasses and apparel, reflecting Senteno's continued pursuit of the same categories of goods at issue in this action. Attached hereto as Exhibit 8 is a true and correct copy of the USPTO record for that application.

34. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's sunglasses and clothing and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's sunglasses and clothing originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

35. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's DIMMZ Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's sunglasses and clothing to the Defendant.

36. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE (Federal Trademark Infringement)**

37. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

38. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the DIMMZ Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

40. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO (Federal Unfair Competition)**

42. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

43. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

44. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

45. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

46. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE (Contributory Trademark Infringement — Against Defendant Outer Rebel, Inc. d/b/a Green Room)**

49. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

50. Upon information and belief, Defendant Green Room has offered for sale and sold, and continues to offer for sale and sell, sunglasses bearing the DIMZ Infringing Mark, including through its retail store in Fountain Valley, California.

51. On June 11, 2026, an investigator retained on Plaintiff's behalf purchased a pair of DIMZ-branded sunglasses at Green Room's retail store in Fountain Valley, California. Attached hereto as Exhibit 6 is a true and correct copy of the investigator's report and the sales receipt documenting that purchase.

52. Upon information and belief, Green Room knew or had reason to know that the DIMZ-branded goods it sold infringed Plaintiff's DIMMZ Mark, including through its direct dealings and promotional collaboration with Senteno and its awareness of Senteno's infringing use of the DIMZ mark.

53. On July 6, 2026, Plaintiff sent Green Room a written cease-and-desist notice identifying Plaintiff's DIMMZ registration and demanding that Green Room stop selling the infringing "dimzshades" products and remove all infringing merchandise by July 20, 2026. Attached hereto as Exhibit 9 is a true and correct copy of Plaintiff's July 6, 2026 cease-and-desist notice to Green Room.

54. Notwithstanding that notice, Green Room continued to sell the infringing goods after the July 20, 2026 deadline. On August 5, 2026, an investigator retained on Plaintiff's behalf purchased a pair of DIMZ-branded sunglasses at Green Room's retail store in Fountain Valley, California. Attached hereto as Exhibit 10 is a true and correct copy of the investigator's report and the sales receipt documenting that purchase.

55. Notwithstanding such knowledge, Green Room continued to purchase, stock, offer for sale, and sell the infringing DIMZ-branded goods supplied by or sourced from Senteno.

56. By continuing to supply and sell the infringing goods with knowledge, or reason to know, of Senteno's infringement, Green Room intentionally induced, and knowingly and materially contributed to, Senteno's infringement of the DIMMZ Mark.

57. Green Room's conduct as alleged herein constitutes contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114, and the common law.

58. Green Room's conduct is causing immediate and irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law, and Plaintiff is entitled to injunctive relief and, to the extent proven, an award of Green Room's profits, Plaintiff's actual damages, and the costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117.

**COUNT FOUR (Common Law Unfair Competition — Commonwealth of Pennsylvania)**

59. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

60. Defendants' unauthorized use, promotion, offering for sale, and sale of goods bearing the DIMZ Infringing Mark, which is confusingly similar to Plaintiff's DIMMZ Mark, is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendants' goods, and constitutes unfair competition and passing off under the common law of the Commonwealth of Pennsylvania.

61. Defendants' conduct has been undertaken with knowledge of Plaintiff's prior rights in the DIMMZ Mark and with the intent to trade on Plaintiff's goodwill and reputation.

62. Defendants' conduct is causing immediate and irreparable harm to Plaintiff and to the goodwill and reputation associated with the DIMMZ Mark, for which Plaintiff has no adequate remedy at law, and entitles Plaintiff to injunctive relief, damages, and disgorgement of Defendants' profits.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has engaged in unfair competition under the common law of the Commonwealth of Pennsylvania.

3. Granting an injunction temporarily, preliminarily and permanently enjoining Defendants, and each of them, and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote Defendant's goods bearing the mark DIMZ or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's DIMMZ mark;

b. engaging in any activity that infringes Plaintiff's rights in its DIMMZ mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. supplying, distributing, offering for sale, or selling any goods bearing the mark DIMZ or any other mark that is a confusingly similar variation or colorable imitation of Plaintiff's DIMMZ mark;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the

mark DIMZ or any other mark that infringes or is likely to be confused with Plaintiff's DIMMZ mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark DIMZ or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's DIMMZ mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark DIMZ or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's DIMMZ mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark DIMZ or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's DIMMZ mark.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark DIMZ or any mark consisting of, incorporating, or containing Plaintiff's DIMMZ mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

Dated: 8/21/2026 RESPECTFULLY SUBMITTED,

Norman M. Valz, Esquire
PA I.D. No. 61338
Attorneys for Plaintiff Aethio LLC
490 Norristown Road, Suite 150
Blue Bell, PA 19422
Tel. (215) 756-2424/ Fax (215) 827-5758